UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-397-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **RICHARD KEVIN PAGE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for the Second Chance Act Halfway House/RRR/Home Release for Increased Time, Release Funds. (#94). Defendant seeks placement in a halfway house as part of the Residential Reentry Program under the Second Chance Act. Defendant notes that his release date is June 9, 2024. Defendant "requests the Second Chance Act to be used to grant him up to a year in an approved Halfway House and $500.00 'Gate Money' upon his subsequent release." (Id. at 3).

Title 18, United States Code, Section 3621(b), provides in relevant part as follows:

**(b) Place of Imprisonment.**— The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

\* \* \*

(4) any statement by the court that imposed the sentence—
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate . . . .

18 U.S.C. § 3621(b). The *Second Chance Act*, cited by defendant, impacts the RRC program as

1

provided by Section 3621, and provides as follows in pertinent part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Placement of an inmate in an RRC during the final portion of his sentence is sometimes referred to as "pre-release RRC placement." Delfino v. Berkebile, No. , 5:10cv432, 2011 WL 1088013, *3 (S.D.W. Va. Mar. 23, 2011).

Section 3624(c) concerns actions to be taken by the Director of the Bureau of Prisons, not the Court. Whether to place a person in any pre-release program appears to be a duty delegated to the Executive Branch and not the Judiciary. Matters Congress delegates to the Director of the Bureau of Prisons are not left to the discretion of the courts. See United States v. Stubbs, No. 97-4948, 1998 WL 387253, at *1 (4th Cir. June 24, 1998) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329 (1992)).

Furthermore, Defendant must fully exhaust all avenues for relief afforded by the Bureau of Prisons before filing a petition with any Court. Even if he has exhausted his BOP administrative remedies, such a motion would likely be a challenge brought under 28, United States Code, Section 2241, in the district in which he is incarcerated, which appears to be the Eastern District of Kentucky.

**ORDER**

**IT IS, THEREFORE, ORDERED** that is Defendant's pro se Motion for the Second Chance Act Halfway House/RRR/Home Release for Increased Time, Release Funds, (#94), is **DENIED** without prejudice.

2

Signed: October 6, 2023

Max O. Cogburn Jr
United States District Judge